**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**


ROY E. WHITE, et al.,

                        Plaintiffs,

v.                                              CIVIL ACTION NO.  2:10-cv-01182

RICHARD CAIN, et al.,

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Dismiss the Plaintiff's Amended Complaint [Docket 21].  For the reasons discussed below, the defendants' Motion is **GRANTED** in part.  The plaintiff's claims arising under 42 U.S.C. § 1983 are **DISMISSED**.  The plaintiff's remaining state law claims are remanded to the Circuit Court of Jackson County, West Virginia.


**I.      Background**

This case arises out of an ongoing series of incidents involving the plaintiff, Roy White, and the defendant, Richard Cain, ("Officer Cain") a police officer for the City of Ripley.  The first incident took place on September 28, 2006 when Officer Cain stopped the plaintiff and issued two traffic citations for failing to carry West Virginia Vehicle Registration and failing to display a West Virginia Motor vehicle inspection sticker.  The plaintiff alleges that Officer Cain harassed and deliberately intimidated him during this encounter.

The second incident took place on October 6, 2008.  After parking at a Tudor's Biscuit World in Ripley, West Virginia, the plaintiff observed Officer Cain in a parked police car across the street.  The plaintiff approached Officer Cain to ask if he had stopped because of the plaintiff and

Officer Cain informed the plaintiff that he was citing the plaintiff for an expired registration.  Officer Cain requested the plaintiff's driver's license, insurance verification, and vehicle registration.  The plaintiff produced his driver's license and insurance verification, but could not produce his vehicle registration.  Officer Cain then requested the plaintiff's Social Security Number, which the plaintiff refused to provide.  This entire conversation took place while Officer Cain was seated in his police car and the plaintiff was standing on the driver's side of the police cruiser.  Officer Cain then informed the plaintiff that he was under arrest for interfering with the police.  Officer Cain handcuffed the plaintiff and transported him to the Ripley Police Department where the plaintiff asserts he was held for nearly an hour before Officer Cain issued a citation and released him.

Upon his release, the plaintiff went to the Mayor's office to complain that he was arrested because he would not tell Officer Cain his social security number.  Mayor Rader directed the plaintiff to the chief of police.  Based on this interaction, the plaintiff asserts that there was some type of conspiracy between Officer Cain, Mayor Rader and Police Chief Fridley.

On September 7, 2010, the plaintiff filed suit in the Circuit Court of Jackson County, West Virginia, naming Officer Cain, Mayor Rader, Officer Fridley, and the City of Ripley as defendants. The plaintiff's original Complaint asserts seven claims under state and federal law.  Counts One and Two asserts claims against Officer Cain under 42 U.S.C. § 1983 for violating the plaintiff's First and Fourth Amendment rights.  Counts Three through Six assert state law claims against unspecified defendants for assault, battery, false imprisonment, and trespass to chattels. Count Seven asserts claims against Mayor Rader and Chief Fridley  for conspiring with Officer Cain to deprive the plaintiff of his fundamental rights.

The defendants removed the suit to this court pursuant to 28 U.S.C. § 1446 on the grounds of federal question jurisdiction under 28 U.S.C. § 1331.  The defendants then moved to dismiss the plaintiff's Complaint.  After hearing arguments on the defendants' Motion, the court gave the plaintiff leave to amend his Complaint.  The plaintiff's Amended Complaint asserts additional facts and references multiple statutory provisions, but does not contain any additional counts and "incorporates by reference" the counts in the original Complaint.  A generous reading of the plaintiff's Amended Complaint[1] suggests that the plaintiff is asserting an additional claim against Officer Cain—that in requesting the plaintiff's Social Security Number without providing the plaintiff with adequate information, Officer Cain violated Section 7 of the Privacy Act of 1974, Pub. L. 93-579,[2] (the "Privacy Act") and that this violation is cognizable under § 1983.  The plaintiff also added allegations of Eighth Amendment violations to his § 1983 claims.

## II.    Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands

---

[1] I am compelled to point out that, while there is much discussion in the papers of the Privacy Act, nowhere in either the original or the amended Complaint does the plaintiff explicitly assert a cause of action for a violation of the Privacy Act.  This omission is particularly perplexing given that plaintiff's counsel presented his Privacy Act claims to the court at oral argument, before he filed his Amended Complaint with this court.  While brevity is the soul of wit, in the post-*Twombly* era, a plaintiff should never be so terse as to plead himself out of court by failing to include a claim.

[2] Section 7 of the Privacy Act of 1974, Pub. L. 93-579, appears as a note under 5 U.S.C. § 552a.

more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'").    A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable.  *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  A complaint must contain facts to "nudge[]  [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.    Analysis

The plaintiff has raised the following claims, and I will address each in turn.  First, the plaintiff asserts that Officer Cain wrongfully arrested him in violation of his First, Fourth, and Eighth Amendment rights, violations which are cognizable under § 1983.  Second, the plaintiff

asserts that Mayor Rader and Chief Fridley conspired with Officer Cain to deprive the plaintiff of his rights.  Third, the plaintiff asserts that, in requesting the plaintiff's Social Security Number without providing the plaintiff with adequate information, Officer Cain violated the Privacy Act and that this violation is similarly cognizable under 42 U.S.C. § 1983.  Finally, the plaintiff asserts several state-law tort claims.

### A.    The Plaintiff's Claims Under § 1983

Section 1983 subjects to civil liability any person who, acting under color of state law, deprives an individual of his constitutional or federal rights.  The plaintiff alleges that Officer Cain violated his First, Fourth, and Eighth Amendment rights.  The plaintiff further alleges that Mayor Rader and Chief Fridley conspired to deprive the plaintiff of his fundamental rights.

### 1.    Qualified Immunity

"Qualified immunity shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Henry v. Purnell*, 501 F.3d 374, 376-77 (4th Cir. 2007) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  Qualified immunity is meant to "strike [ ] a balance between compensating those who have been injured by official conduct and protecting the government's ability to perform its traditional functions." *Wyatt v. Cole*, 504 U.S. 158, 167 (1992).  Government officials, such as police officers, should benefit from immunity where "it [i]s necessary to preserve their ability to serve the public good." *Id.*  This immunity, however, is limited because "when a government official [ ] act[s] totally beyond the scope of his authority, he received no immunity at common law and is entitled to none under § 1983." *In re Allen*, 106 F.3d 582, 594 (4th Cir.1997); *see also Barr v. Matteo*, 360 U.S. 564, 572

(1959) (observing that " 'decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers . . . .'" (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949))).

Qualified immunity is an affirmative defense and "the defendant bears the initial burden 'of demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties.'" *Henry*, 501 F.3d at n. 2 (quoting *In re Allen*, 106 F.3d at 593-94). When a defendant government official properly asserts qualified immunity, the threshold question that a court must answer is "whether the facts, when viewed in the light most favorable to the plaintiff, show that the official's conduct violated a constitutional right." *Henry*, 501 F.3d at 377 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Fourth Circuit further defined this inquiry:

> If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established-that is, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Henry*, 501 F.3d at 377 (internal quotation marks omitted).

### 2.   The Plaintiff's Eighth Amendment Claims

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, *Robinson v. California*, 370 U.S. 660, 666 (1962), prohibits the infliction of cruel and unusual punishments on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991) (internal quotation marks omitted). The constitutional protections awarded by the Eighth Amendment are, however, limited to those persons *convicted* of crimes. *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). As none of the plaintiff's claims arise out of activity that took place

after a conviction, the Eighth Amendment is inapplicable and this claim is **DISMISSED** as to all defendants.

### 3.    The Plaintiff's First and Fourth Amendment Claims Against Officer Cain

As the plaintiff's Eighth Amendment claims are not applicable, the remaining question is whether the plaintiff has stated a claim based on his First or Fourth Amendment rights.

The Fourth Amendment guarantees citizens the right to be free from unreasonable seizures. U.S. Const. amend. IV.  "[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (quoting *Whren v. United States*, 517 U.S. 806, 814 (1996)).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  In other words, an arrest is reasonable if, "based on the facts known to the officer, objective probable cause existed as to *any* crime."  *United States v. McNeill*, 484 F.3d 301, 311 (4th Cir. 2007) (citing *Devenpeck*, 543 U.S. at 154-55).

While I seriously question Officer Cain's decision to request the plaintiff's Social Security Number and arrest the plaintiff for a minor violation, the arrest was nonetheless legally "reasonable" because it was supported by probable cause.  Under West Virginia law, an officer "may legally arrest, without a warrant, for a misdemeanor committed in his presence."  *City of McMechen v. Fid. and Cas. Co. of N.Y.*, 116 S.E.2d 388, 392 (W. Va. 1960); *see also* W. Va. Code § 62-10-9 (authorizing officers "to make arrests without warrant for all violations of any of the criminal laws

-7-

of the United States, or of this state, when committed in their presence"). Section 17C-19-2 of the West Virginia Code provides, in pertinent part, that:

> It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law

W. Va. Code § 17C-19-2. The section specifically includes "improper registration in violation of the provisions of article three, chapter seventeen-a of this code," as a requirement for lawfully operating a vehicle. *Id.* It is undisputed that the plaintiff was operating his vehicle without proper registration in violation of § 17C-19-2. As Officer Cain had probable cause and the statutory authority to arrest the plaintiff, the arrest was reasonable and not in violation of the plaintiff's Fourth Amendment rights.

The defendants also contend that Officer Cain had probable cause to arrest the plaintiff for violating § 17C-2-3(c) of the West Virginia Code by refusing to provide Officer Cain with his Social Security Number. That section provides that "[n]o person shall willfully fail or refuse to comply with a lawful order or direction of any police officer or designated special officer invested by law with authority to direct, control or regulate traffic." At oral argument, I expressed my doubts as to whether Officer Cain's request for the plaintiff's Social Security was, in fact, "lawful" as required by statute. Because the lawfulness of Officer Cain's request is not dispositive in this case, I will not rule on the issue. I will, however, reiterate my serious concerns about a police officer requesting a citizen's Social Security Number for no apparent reason.

The First Amendment "protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston, Tex. v. Hill*, 482 U.S. 451, 461 (1987). Where, however, an arrest is supported by probable cause, the arrest does not become unlawful or

-8-

unreasonable merely because the suspect questions or criticizes the officer.  *Mesa v. Prejan*, 543 F.3d 264, 273 (5th Cir. 2008).  "If [probable cause] exists any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment."  *Id.*  As discussed above, Officer Cain had probable cause to arrest the plaintiff and thus the plaintiff's arrest did not violate his First Amendment rights.

When "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."  *Henry*, 501 F.3d at 371(quoting *Saucier*, 533 U.S. at 201).  Accordingly, even considering the facts in the light most favorable to the plaintiff, the plaintiff cannot establish that Officer Cain's conduct violated his First or Fourth Amendment rights.  Thus, because Officer Cain is entitled to qualified immunity with regard to the plaintiff's § 1983 claims, these claims against Officer Cain are **DISMISSED**.

### 4.    The Plaintiff's Conspiracy Claim Against Mayor Rader and Chief Fridley

The plaintiff has alleged absolutely no facts in support of his conspiracy claim under 42 U.S.C. §§ 1983, 1985.  Moreover, the plaintiff's Response [Docket 24] to the defendants' Motion to Dismiss does not mention the plaintiff's conspiracy claim or make any argument to rebut the defendants' argument that the claim must be dismissed.  Proof of the following elements is required to establish a federal conspiracy claim:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific classbased, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

-9-

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995).

It is readily apparent that the plaintiff has failed to properly plead the required elements of a civil rights conspiracy claim. Aside from his bare-bones allegation of a conspiracy, the plaintiff has not alleged that the defendants' treatment of him was motivated by any particular actionable characteristic belonging to the plaintiff.  Because "[t]here was certainly no 'meeting of the minds' sufficient to support a section 1985(3) claim," *Simmons*, 47 F.3d at 1378, the plaintiff's conspiracy claim against Mayor Rader and Chief Fridley is **DISMISSED**.[3]

### 5.    The Plaintiff's § 1983 Claims Against the City of Ripley

Municipalities may be sued under § 1983 for unconstitutional policies.  *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978).  To succeed on such a claim, a plaintiff must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and proximately caused the deprivation of [his] rights."  *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). "Thus, a prerequisite to municipal liability is the finding that an official policy or custom existed."  *Id.*

In the present case, the plaintiff has neither made any allegations regarding the City of Ripley's municipal customs, nor provided any facts from which the court can glean evidence of a

---

[3] To the extent the plaintiff asserts that Mayor Rader and Chief Fridley violated his First and Fourth Amendment rights, the plaintiff has failed to allege any facts in support of his accusations against these defendants. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  Accordingly, the plaintiff has failed to state a claim upon which relief can be granted against Mayor Rader or Chief Fridley.

municipal custom.  Accordingly, the plaintiff has failed to state any claim upon which relief can be granted against the City of Ripley and that claim is **DISMISSED**.

### B.  The Plaintiff's Privacy Act Claim Against Officer Cain

The Privacy Act contains only two substantive sections, Section 3, which applies only to *federal* agencies, and Section 7, which applies to federal, state, and *local* agencies.  *Schweir v. Cox*, 340 F.3d 1284, 1287-88 (11th Cir. 2003).  Section 7 provides, in pertinent part, that:

> (a)(1) It shall be unlawful for any Federal, State, or local government agency to deny any individual any right, benefit, or privilege provided by law because such individual's refusal to disclose his social security account number .... (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

5 U.S.C. § 552a (note) (2010), Pub. L. 93-579.

It is an open question in this circuit whether Section 7 of the Privacy Act "creates a right, privilege, or immunity enforceable under § 1983."  *Deeds v. County of Fairfax, Va.*, No. 97-310, 1998 WL 372817, at *3 (4th Cir. June 5, 1998) (unpublished); *see also Szymecki v. City of Norfolk*, No. 08-142, 2008 WL 4223620, at *6-9 (E.D. Va. 2008).  Other circuits have reached varying results on this issue.  *Compare Schweir*, 340 F.3d at 1292 ("[W]e hold that the rights conferred by Section 7 may be enforced under § 1983."), *with Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999) ("[W]e conclude that a private plaintiff may not maintain an action against a state official-either in her official or her individual capacity-under § 1983 to remedy alleged violations of § 7(a)(1) of the Privacy Act.").

Fortunately, I need not follow the child of calamity into the murky waters of Privacy Act jurisprudence because, regardless of whether § 1983 provides a mechanism for enforcing Privacy Act and irrespective of Section 7's applicability to state and local *agencies*, the Privacy Act is not

applicable to individuals.  *See Fares v. I.N.S.*, 29 F. Supp. 2d 259, 262 (W.D. N.C. 1998), *aff'd* 11

Fed. App'x 137 (4th Cir. 2001) ("Although the Privacy Act provides remedies against an offending

agency, it provides no remedies against individual officials.").  Accordingly, because the plaintiff

cannot bring a viable Privacy Act claim against Officer Cain, that claim is **DISMISSED**.

**C.      The Plaintiff's State-Law Tort Claims**

        Pursuant to 28 U.S.C. § 1367, district courts have the discretion to exercise supplemental

jurisdiction over "all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution." 28 U.S.C. § 1367(a); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172-

73 ("[T]he statute confirms the discretionary nature of supplemental jurisdiction by enumerating the

circumstances in which district courts can refuse its exercise.").  The supplemental jurisdiction

statute specifically provides that a district court "may decline to exercise supplemental jurisdiction

over a claim," if "the district court has dismissed all claims over which it has original jurisdiction."

28 U.S.C. § 1367(c)(3).  "A district court's decision whether to exercise that jurisdiction after

dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad

Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009).

        In the present case, this court does not have an independent jurisdictional basis for the

plaintiff's remaining state-law claims.  Thus, supplemental jurisdiction provides the only possible

basis for exercising jurisdiction over these claims.  Because I have dismissed all of the plaintiff's

claims arising under federal law, I  decline, in my discretion, to exercise jurisdiction over these

claims.  As the plaintiff originally filed this case in the Circuit Court of Jackson County, West

Virginia, remanding this case to that court is the appropriate course of action.  *See Carlsbad*, 129

S. Ct. at 1866-67.  Accordingly, this court **ORDERS** that this case is **REMANDED** to the Circuit Court of Jackson County.[4]

## IV.    Conclusions

For the reasons discussed above, the defendants' Motion is **GRANTED** in part.  The plaintiff's claims under § 1983 are **DISMISSED** as to all defendants.  The court declines to exercise supplemental jurisdiction over the plaintiff's state-law claims, and, accordingly **ORDERS** that action be remanded to the Circuit Court of Jackson County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 21, 2011

Joseph R. Goodwin, Chief Judge

---

[4] I decline to follow the defendants' suggestion and find that the plaintiff's Amended Complaint omitted the plaintiff's state-law claims.  The defendants are correct that, "[a]s a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier, Md.*, 238 F.3d 567, 572 (4th Cir. 2001).  I find that it would be disingenuous, however, to read the plaintiff's state law claims out of the Amended Complaint when the plaintiff explicitly "incorporates by reference" all of the claims in his original Complaint.